1 | JEFFER MANGELS BUTLER & MITCHELL LLP
2 | MATTHEW S. KENEFICK (Bar No. 227298)
*mkenefick@jmbm.com*
3 | SHENEL OZISIK (Bar No. 324215)
*sozisik@jmbm.com*
4 | 1900 Avenue of the Stars, 7th Floor
5 | Los Angeles, California 90067-4308
Telephone: (310) 203-8080
6 | Facsimile: (310) 203-0560
7
8 | Attorneys for Defendant Dr. Ike's Pharmacy

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARNIK BLKHOYAN, | Case No. |
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)** |
| v. | Los Angeles County Superior Court Case Number 208TLC09922 |
| DR, IKE'S PHARMACY, business form unknown, and DOES 1-25. | |
| Defendants. | Action Filed: November 25, 2020 Trial Date: May 25, 2022 |

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

    **PLEASE TAKE NOTICE** that Defendant Dr. Ike's Pharmacy, ("**Defendant**") hereby removes to this Court the state court action described below.

**I.    FILING AND SERVICE OF THE COMPLAINT**

    1.    On November 25, 2020, Plaintiff Garnik Blkhoyan ("**Plaintiff**") filed a Complaint (the "**Complaint**") in the Superior Court of California for the County of Los Angeles, thereby commencing that certain lawsuit entitled *Garnik Blkhoyan vs. Dr. Ike's Pharmacy; business form unknown, and Does 1-25*, Case No. 208TLC09922 (the "**State Court Action**").

2.     Defendant was served with a copy of the Complaint on December 2, 2020.  Attached hereto as **Exhibit 1** are true and correct copies of all process, pleadings, and orders served upon Defendant in the State Court Action.  Defendant has not yet responded to the Complaint.  There are no other named defendants.

## II.   REMOVAL IS PROPER BECAUSE THIS COURT HAS FEDERAL QUESTION JURISDICTION

3.     Defendant is entitled to remove the State Court Action to this Court because it is a civil action brought in a state court which is being removed to the District Court for the District where the action is pending, and over which this Court has original jurisdiction because the State Court Action asserts a claim arising under the laws of the United States.  *See* 28 U.S.C. §§ 1331, 1441(a).  Specifically, the Complaint in the State Court Action asserts claims for alleged violations of the Unruh Civil Rights Act premised on violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.  *See* Complaint at ¶¶ 9, 15, 16, 17, 21, 22.  As such, the adjudication of Plaintiff's underlying federal ADA claims is the core issue of this lawsuit.

## III.   THIS NOTICE OF REMOVAL IS TIMELY AND PROPERLY FILED

4.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within 30 days after receipt by Defendant, through service or otherwise, of a copy of the Complaint in the State Court Action, which was the paper from which it could first be ascertained that the case is one which is or has become removable.

5.     In compliance with 28 U.S.C. § 1446(d), Defendant will provide written notice of the filing of this Notice of Removal to all adverse parties and file a copy with the clerk of court in the State Court Action.

6.     The undersigned counsel for Defendant has read the foregoing and signs the Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

## IV.    <u>CONCLUSION</u>

Defendant respectfully requests that this action be removed from the Superior Court of California for the County of Los Angeles to the United States District Court for the Central District of California.


DATED:  December 30, 2020    JEFFER MANGELS BUTLER & MITCHELL LLP
MATTHEW S. KENEFICK
SHENEL OZISIK

By:          /s/ Matthew S. Kenefick
MATTHEW S. KENEFICK
Attorneys for Defendant Dr. Ike's Pharmacy

EXHIBIT
"1"

Electronically FILED by Superior Court of California, County of Los Angeles on 11/25/2020 03:16 PM Sherri R. Carter, Executive Officer/Clerk of Court, by L. Castillejo,Deputy Clerk
20STLC09922

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DR. IKE'S PHARMACY, business form unknown, and DOES 1-25,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GARNIK BLKHOYAN,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | | CASE NUMBER:<br>(Número del Caso):|
|---|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>**Stanley Mosk Courthouse**<br>**111 North Hill Street**<br>**Los Angeles CA 90012** | | **20STLC09922** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Jacob A Shahbaz, Esq. SBN: 204669          818-510-0091 818-305-6222
Shahbaz Law Group, APC, 15760 Ventura Blvd., Suite 860 Encino CA 91436

| DATE:<br>(Fecha)  11/25/2020 | Clerk, by<br>(Secretario) | Sherri R. Carter Executive Officer / Clerk of Court<br>L. Castillejo | Deputy<br>(Adjunto) |
|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**[SEAL]**

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

    *Dr. Ike's Pharmacy*

3. ☒ on behalf of (specify):

    under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
    ☒ other (specify): *Business form unknown*
4. ☒ by personal delivery on (date): *12/2/2020*

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Electronically FILED by Superior Court of California, County of Los Angeles on 11/25/2020 03:49:43 Sherri R. Carter, Executive Officer/Clerk of Court, by L. Castillejo,Deputy Clerk
Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Serena Murillo

1  Jacob A. Shahbaz, Esq., SBN 204669
   SHAHBAZ LAW GROUP, APC
2  15760 Ventura Boulevard, Suite 860
   Encino, CA 91436
3  Tel. (818) 510-0091
   Fax. (818) 305-6222
4

5  Attorney for Plaintiff, GARNIK BLKHOYAN

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    THE COUNTY OF LOS ANGELES

10

11  GARNIK BLKHOYAN,              )  Case No.:  20STLC09922
                                  )
12             Plaintiff,         )  VERIFIED COMPLAINT FOR
                                  )  DAMAGES
13       Vs                       )
                                  )
14                                )
                                  )  [LIMITED JURISDICTION ABOVE
15                                )  $10,000 BELOW $25,000]
   DR. IKE'S PHARMACY, business form )
16  unknown, and DOES 1-25,       )
                                  )
17                                )
                                  )
18             Defendants         )

19                    FIRST CAUSE OF ACTION

20              (PLAINTIFF AGAINST ALL DEFENDANTS)

21        VIOLATION OF CIVIL CODE SECTIONS 51, 52, 54 and 54.1

22    1.  Plaintiff is ignorant of the defendants sued as Does 1-25.  Once the names are

23        ascertained, Plaintiff will amend the complaint to reflect those names.

24    2.  At all times mentioned herein Defendant DR. IKE'S PHARMACY, business form

25        unknown, and DOES 1-25, is doing business on the website, known as

26        http://www.drikesp.com/ ("WEBSITE"). The Defendant's physical address is located at

27

28        7640 Tampa Avenue #103, Reseda, California 91335.

1                          VERIFIED COMPLAINT

3. At all times mentioned herein GARNIK BLKHOYAN has been, disabled. "Disability" means any mental or physical disability as defined in *Sections* 12926 and 12926.1 of the Government Code. Civil Code Section 51(e)(1).

4. Plaintiff has visited Defendant's public accommodation WEBSITE and has been denied full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." (Civ. Code, § 51, subd. (b).)

5. Through their WEBSITES, Defendants offer vital data such as: research tools, information, data to compare accommodations, information to allow travel, purchasing products, offering of services, products for online sale and home delivery to the public.

6. The WEBSITE's barriers have previously denied Plaintiff full and equal access to all of the services Defendant's WEBSITE offers, and now deter Plaintiff from attempting to use Defendant's WEBSITE in the future.

7. Despite their disabilities, Plaintiff is able and ready to visit Defendant's WEBSITE once it is made compliant. Plaintiff's disabilities, and the challenges Plaintiff face in physically traveling to and shopping in traditional brick-and-mortar retailers as a result of them, make it particularly likely that Plaintiff will return to Defendant's WEBSITE in the future to purchase Defendant's goods from the comfort of their homes.

8. As a result of having visited Defendant's WEBSITE in the past, and of investigations performed on Plaintiff's behalf, Plaintiff is aware that Defendant's WEBSITE provides insufficient access to disabled persons. The following subparagraphs detail some of the defects with the WEBSITE:

    a. A proper text equivalent for every non-text element is not provided. Does not provide appropriate alternative text that presents the content of the image and/or

2

VERIFIED COMPLAINT

the function of the link. All non-text content that is presented to the user has a text alternative that serves the equivalent purpose;

b. Information about the meaning and structure of content is not conveyed by more than the visual presentation of content;

c. All functionality of the content of the website is not operable through a keyboard interface requiring specific timings for individual keystrokes. The website cannot be navigated with a keyboard and/or the navigation of the website with the keyboard is not consistent across the website. All functionality is not available from a keyboard.

    i. If keyboard focus can be moved to a component of the page using a keyboard interface, then focus cannot be moved away from that component using only a keyboard interface. On pages where a user can move to a part of a page via the keyboard, the user is unable to move away from that part of the page using only the keyboard.

    ii. If keyboard focus can be moved to a component of the page using a keyboard interface, then focus can be moved away from that component using only a keyboard interface, and, if it requires more than unmodified arrow or tab keys or other standard exit methods, the user is advised of the method for moving focus away.

d. Navigation of the website is not consistent across the website. A mechanism is not always available to bypass blocks of content that are repeated on multiple web pages. Navigational mechanisms that are repeated on multiple Web pages within a

3

VERIFIED COMPLAINT

1   set of Web pages does not occur in the same relative order each time they are

2   repeated;

3      e.   Plaintiff has performed a detailed investigation and Plaintiff alleges under

4   information and belief that the WEBSITE lacks "titles that describe their topic or

5   purpose." All form submission error messages identify any empty required fields.

6   Upon receiving discovery, this paragraph will be amended. The purpose of each

7   link cannot be determined from the link text alone or from the link text and its

8

9   programmatically determined link context;

10      f.   Labels or instructions are not always provided when content requires user input;

11      g.   Link text (and alternate text for images, when used as links) that is discernible,

12   unique, and focusable improves the navigation experience for screen reader users

13

14      h.   The assistive technologies does not read the WEBSITE properly.

15      i.   Make text content readable and understandable. When text requires reading

16   ability more advanced than the lower secondary education level after removal of

17   proper names and titles, supplemental content, or a version that does not require

18   reading ability more advanced than the lower secondary education level, is

19   available. A mechanism is available for identifying specific pronunciation of

20   words where meaning of the words, in context, is ambiguous without knowing the

21

22   pronunciation.

23      j.   Make WEBSITE pages appear and operate in predictable ways.

24   9.   Defendant's WEBSITE fails to comply with Web Content Accessibility Guidelines

25   Version 2.0 ("WCAG 2.0 AA"), Unruh Act and ADA.

26

27

28

4

**VERIFIED COMPLAINT**

10. If the WEBSITE were accessible, i.e. if Defendant removed these barriers, Plaintiff could independently have equal access to the entire WEBSITE.

11. Plaintiff has performed a detailed investigation and Plaintiff alleges under information and belief that although it appears that the Defendant does not have centralized policies regarding the maintenance and operation of its WEBSITE, it appears from an almost exhaustive review that Defendant has never had a plan or policy that is reasonably calculated to make its WEBSITE fully accessible to, and independently usable by, individuals with disabilities. As a result, the complained of access barriers are permanent in nature and likely to persist.  Upon receipt of discovery, Plaintiff shall amend the complaint to reflect such information as needed.

12. The law requires that Defendant's WEBSITE be accessible to Plaintiff and others with disabilities. Removal of the barriers identified above is readily achievable and may be carried out without much difficulty or expense.

13. Removal of these barriers would make Defendant's WEBSITE accessible to Plaintiff allowing him to independently shop for and perform research via Defendant's WEBSITE.

14. Inaccessible WEBSITE violated the Unruh Civil Rights Act (Civ. Code, § 51 et seq.) which mandates "full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." (Civ. Code, § 51, subd. (b).)

15. Under subdivision (f). Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 *et seq.*, provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or

VERIFIED COMPLAINT

1    accommodations of any place of public accommodation by any person who owns, leases

2    (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

3    16.  As a reference, Defendant's WEBSITE is a public accommodation within the definition

4    of Title III of the ADA, 42 U.S.C. § 12181(7).

5    17. Unlawful discrimination also includes, among other things: a failure to make reasonable

6    modifications in policies, practices or procedures, when such modifications are necessary

7    to afford such goods, services, facilities, privileges, advantages or accommodations to

8    individuals with disabilities, unless the entity can demonstrate that making such

9    modifications would fundamentally alter the nature of such goods, services, facilities,

10    privileges, advantages or accommodations; and a failure to take such steps as may be

11    necessary to ensure that no individual with a disability is excluded, denied services,

12    segregated or otherwise treated differently than other individuals because of the absence

13    of auxiliary aids and services, unless the entity can demonstrate that taking such steps

14    would fundamentally alter the nature of the good, service, facility, privilege, advantage or

15    accommodation being offered or would result in an undue burden.

16  18. Through Civ. Code, § 51, subd. (f), Title III of ADA requires that "[a] public

17    accommodation shall furnish appropriate auxiliary aids and services where necessary to

18    ensure effective communication with individuals with disabilities." 28 C.F.R. §

19    36.303(c)(1).

20  19. Plaintiffs have not been provided services that are provided to other patrons who are not

21    disabled, and/or have been provided services that are inferior to the services provided to

22    non-disabled persons. Defendant has failed to take any prompt and equitable steps to

23    remedy its discriminatory conduct. These violations are ongoing.

6
VERIFIED COMPLAINT

20. Plaintiffs' claims are warranted by existing law or by non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law.

21. The Unruh Civil Rights Act also provides that a "violation of . . . the federal Americans with Disabilities Act of 1990 . . . shall also constitute a violation of this section." Civ. Code, § 51, subd. (f). "On examining the language, statutory context, and history of section 51, subdivision (f), we conclude . . . [t]he Legislature's intent in adding subdivision (f) was to provide disabled Californians injured by violations of the ADA with the remedies provided by section 52. A plaintiff who establishes a violation of the ADA, therefore, need not prove intentional discrimination in order to obtain damages under section 52." *Munson v. Del Taco, Inc.* (2009) 46 Cal.4th 661, 665.

22. Pursuant to Civil Code Section 52(a) and the remedies, procedures and rights set forth and incorporated therein, Plaintiffs request relief as set forth below.

23. The instant complaint is a sole claim under Unruh as the event happened in the state of California and the federal laws are for reference purposes.

7

VERIFIED COMPLAINT

## PRAYER

WHEREFORE, PLAINTIFF PRAYS FOR JUDGMENT AGAINST THE

DEFENDANTS, AND EACH OF THEM, AS FOLLOWS:

1. A minimum of $4,500.00 in statutory damages;

2. For attorney's fees and costs;

3. For such other and further relief as to the Court seems just and proper.

DATED: 11-05-2020

Respectfully submitted,

By: /S/ Jacob Shahbaz
    _____
    Jacob A. Shahbaz

## VERIFICATION

I, GARNIK BLKHOYAN state and declare that I am the Plaintiff herein, and that I have

read the foregoing **COMPLAINT FOR DAMAGES** and know the contents thereof, and that the

same is true of my knowledge, and as to these matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing

is true and correct on 11-05-2020 , at LA, California.

GARNIK BLKHOYAN

8

VERIFIED COMPLAINT

2020-SJ-005-00

**FILED**
Superior Court of California
County of Los Angeles

FEB 24 2020

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Zarina Alano

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| In re Civil Limited Jurisdiction Cases Calendared in Departments 25 & 26 (Non-Collection Cases) at the Spring Street Courthouse | ) **THIRD AMENDED STANDING ORDER** <br> ) (Effective as of February 24, 2020) <br> ) <br> ) |

**TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:**

Pursuant to the California Code of Civil Procedure (C.C.P.), the California Rules of Court (C.R.C.), and the Los Angeles County Court Rules (Local Rules), the Los Angeles Superior Court (LASC or Court) HEREBY AMENDS AND SUPERSEDES THE NOVEMBER 13, 2019, SECOND AMENDED STANDING ORDER, AND THE COURT HEREBY ISSUES THE FOLLOWING STANDING ORDER THAT SHALL APPLY TO ALL LIMITED CIVIL (NON-COLLECTION) CASES FILED AND/OR HEARD IN DEPARTMENTS 25 & 26.

1.     PLAINTIFF(S) IS/ARE <u>ORDERED TO SERVE A COPY OF THIS STANDING ORDER ON THE DEFENDANT(S) WITH COPIES OF THE SUMMONS AND COMPLAINT AND TO FILE PROOF OF SERVICE</u>, AS MANDATED IN THIS ORDER.

2.     The Court sets the following trial date in this case at the Spring Street Courthouse in the Limited Jurisdiction Department as reflected in the *Notice of Case Assignment:*

<u>TRIAL:</u>

Date:_____ at 8:30 a.m.

1

**THIRD AMENDED STANDING ORDER**
CIVIL LIMITED JURISDICTION NON-COLLECTION CASES CALENDARED AT THE SPRING STREET COURTHOUSE

## SERVICE OF SUMMONS AND COMPLAINT

3.     The trial date set forth above is conditioned on the defendant(s) being served with the summons and complaint within six (6) months of the filing of the complaint.  The trial date may be continued to a later date if service is not accomplished within six months.  The parties may stipulate to keep the original trial date even if service of the summons and complaint is not completed within six months of the filing of the original complaint.

4.     The summons and complaint shall be served upon the defendant(s) within three years after the complaint is filed in this action.  (C.C.P., § 583.210, subd. (a).)  Failure to comply will result in dismissal, without prejudice, of the action, as to all unserved parties who have not been dismissed as of that date.  (C.C.P., § 581, subd. (g).)  The dismissal without prejudice as to the unserved parties for this case shall be effective on the following date:

> ### UNSERVED PARTIES DISMISSAL DATE
>
> _____

5.     No case management, mandatory settlement or final status conferences will be conducted in this case.

## LAW AND MOTION

All regularly noticed pretrial motions will be heard in the courtroom the case is assigned to on Mondays, Tuesdays, Wednesdays, and Thursdays at 10:30 a.m.  A motion will be heard only if a party reserves a hearing date by going to the court's website at www.lacourt.org and reserving it through the Court Reservation System accessed via the "Divisions" tab at the top of the webpage, and by selecting "Civil".  All motions should be filed at the filing window on the first floor of the Stanley Mosk Courthouse and filed and served in accordance with C.C.P., § 1005, subd. (b), and all other relevant statutes.

///

6.     Tentative Rulings may be posted on the Court's website no later than the day prior to the hearing.  To access tentative rulings, parties may go to www.lacourt.org, select "Civil" from the "Divisions" tab at the top of the webpage, then select "Tentative Rulings," and type the case number in the box and click "Search."

## EX PARTE APPLICATIONS

7.     Ex parte applications must be noticed for 1:30 p.m. in the courtroom the case is assigned to and filed and served in accordance with C.R.C., rules 3.1201-3.1207.  All electronic filers must submit the application and fees by 10:00 a.m. the day before the ex parte hearing.  Any ex parte applications exempt from electronically filing, must be submitted by 11:00 a.m. the day of the hearing, at the filing window on the first floor of the Stanley Mosk Courthouse.

## JURY FEES

8.     The fees for jury trial shall be due no later than 365 calendar days after the filing of the initial complaint or as otherwise provided by C.C.P., § 631, subds. (c)(2).

## STIPULATION TO CONTINUE TRIAL

9.     A trial will be postponed if all attorneys of record and/or the parties who have appeared in the action stipulate in writing to a specific continued date.  If the stipulation is filed less than five (5) court days before the scheduled trial date, then a courtesy copy of the stipulation must be provided to the assigned courtroom.  A proposed order shall be lodged along with the stipulation.

## TRIAL

10.     Parties are to appear on the trial date ready to go to trial and must meet and confer on all pretrial matters at least 20 calendar days before the trial date.  On the date of trial, the parties shall bring with them to the courtroom where the case is assigned a three-ring binder with a table of contents containing conformed copies of each of the following documents behind a separate tab.

    1)  Printed copies of the current operative pleadings (including the operative complaint; answer; cross-complaint, if any; and answer to cross-complaint);

    2)  Motions in Limine, if any, which must be served and filed in accordance with the Local Rules, rule 3.57;

    3)  Joint Statement of the Case (if a jury trial);

4) Joint Witness List disclosing an offer of proof regarding the testimony of each witness, the time expected for testimony of each witness, the total time expected for all witnesses, and the need, if any, for an interpreter;

5) Joint Exhibit List;

6) Printed and edited Joint Proposed Jury Instructions (if a jury trial), and

7) Printed Joint Proposed Verdict Form(s) (if a jury trial).

The parties shall also bring a second binder containing the Joint Exhibits in an Exhibit Book numbered appropriately.

**FAILURE TO PROVIDE ANY OF THE AFOREMENTIONED DOCUMENTS ON THE TRIAL DATE MAY CAUSE A DELAY IN THE CASE BEING ASSIGNED TO A TRIAL COURT.**

GOOD CAUSE APPEARING THEREFOR, IT IS ORDERED.

Dated: _____Feb. 24, 2020_____

SAMANTHA P. JESSNER
Supervising Judge, Civil

THIRD AMENDED STANDING ORDER
CIVIL LIMITED JURISDICTION NON-COLLECTION CASES CALENDARED AT THE SPRING STREET COURTHOUSE

GEN-16-Limited Jurisdiction Portal-PJ

FILED
Superior Court of California
County of Los Angeles

JUN 29 2016

Sherri R. Carter, Executive Officer/Clerk
By: _____, Deputy
Mizafiadh Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| In re Limited Jurisdiction Civil Cases Calendared in the Los Angeles County Superior Court | ) ) ) ) ) ) ) ) ) |  GENERAL ORDER RE LIMITED JURISDICTION CIVIL PROCEDURES: NOTICE OF WEB PORTAL AVAILABILITY FOR INTERPRETER REQUESTS (Effective July 11, 2016) |

TO EACH PARTY:

In order to expedite the availability of interpreters at hearings on limited jurisdiction civil cases, IT IS HEREBY ORDERED that each limited jurisdiction civil plaintiff shall, along with the complaint and other required documents, serve all named defendants with the *Notice of the Availability of Web Portal for Interpreter Requests*; this notice informs the litigants that the Los Angeles County Superior Court provides interpreter services in limited jurisdiction civil cases at no cost to parties with limited English proficiency and that Spanish language interpreters are available in courtrooms where limited jurisdiction civil hearings are held. The notice will be provided to the plaintiff at the time the limited jurisdiction civil action is filed, if filed at the clerk's office, and will also be posted on the Los Angeles County Superior Court internet website (http://www.lacourt.org/). Plaintiff(s) must then indicate service of the *Notice of Availability of Web Portal for Interpreter Requests* on line 2(f) of the Proof of Service of Summons form (POS-010).

Effective immediately, this General Order is to remain in effect until otherwise ordered by the Presiding Judge.

DATED: June 29, 2016

_____
CAROLYN B. KUHL
Presiding Judge

1

GENERAL ORDER – LIMITED JURISDICTION CIVIL PORTAL

## Notice of Availability of Limited Civil Jurisdiction Web Portal for Interpreter Requests

The Los Angeles Superior Court provides interpreter services at no cost to parties with limited English proficiency in Limited Civil Jurisdiction hearings. Spanish interpreters are available at all courthouse locations. Therefore, it is not necessary to request a Spanish language interpreter in advance. If you require a Spanish interpreter, please let the courtroom staff know about your need on the day of your hearing. Limited English proficient individuals who speak a language other than Spanish may request an interpreter in advance of their court hearing via the Court's Web Portal for Interpreter Requests [URL]. While the Court will make every effort to locate an interpreter for the date and time of your hearing, it cannot guarantee that one will be immediately available. If you have general questions about language access services, please contact us at LanguageAccess@LACOURT.org.

Մատչելիություն սահմանափակ Քաղաքացիական Իրավասության Թարգմանչական Ծառայության Ինտերնետ Ներկայացնելու համար Խնդրանքների միացնող դարպասի առկայության մասին

Լոս Անջելեսի Առաջին ատյանի դատարանն անվճար թարգմանչական ծառայություններ է տրամադրում սահմանափակ իրավասության քաղաքացիական վեճորդներին` անգլերենի սահմանափակ իմացության ունեցող կողմերին: Իսպաներենի թարգմանիչ առկայություն բոլոր դատարաններում ապահովված է: Ուստի, իսպաներենի թարգմանիչ հայտ նախօրոք ներկայացնելու անհրաժեշտ չէ: Եթե իսպաներենի թարգմանիչ կարիք ունեք, ապա խնդրում ենք այդ մասին Ձեր լսման օրը տեղեկացնել դատարանի դահլիճի անձնակազմին: Անգլերենի սահմանափակ իմացության ունեցող անձինք, ովքեր խոսում են իսպաներենից բացի այլ մեկ այլ լեզվով, կարող են թարգմանիչ խնդրանք ներկայացնել նախքան իրենց լսման օրը, Դատարանի Թարգմանչական Ծառայության Ինտերնետ Ներկայացնելու համար Ներկայացնելու համար դարպասի միջոցով [URL]: Թեև դատարանն ամեն ինչ կանի Ձեր լսման օր ու ժամին թարգմանիչ Ներկայացնելու ապահովելու համար, սակայն դատարանը չի հրաշխավորում, որ նման ներկայացության անմիջապես հնարավոր կլինի ապահովել: Լեզվական մատչելիության ծառայությունների վերաբերյալ հարցերով խնդրում ենք դիմել LanguageAccess@LACOURT.org:

### 关于小额索赔庭审传译员申请门户的可用性通知

在小额索赔庭审中，洛杉矶高等法院为英语能力有限的各方人士提供免费传译员服务。在举行小额索赔庭审的所有法庭中，均有现成的西班牙语传译员。如果您需要西班牙语传译员，请在您的庭审当日将您的需求告知法庭工作人员。在庭审时，英语能力有限的非西班牙语人士可通过法院的传译员申请网络门户(URL)提前申请传译员。法院会尽力按您的庭审日期和时间安排传译员。但法院无法保证能够即时提供传译员。如果您有关于语言服务的疑问，请联系 LanguageAccess@LACourt.org

### 통역사 신청을 위한 소액 청구 웹 포털 이용 통지

로스앤젤레스 상급법원은 소액 청구 심리에서 영어가 능숙하지 않은 당사자들에 대해 통역 서비스를 무료로 제공합니다. 스페인어 통역사는 소액 청구 심리가 열리는 모든 법정에서 손쉽게 지급할 수 있습니다. 스페인어 통역사가 필요한 경우에는 심리가 열리는 날에 법정 직원에게 알려 주십시오. 스페인어가 아닌 다른 언어를 사용하고 영어가 능숙하지 않은 개인들은 통역사 신청을 위한 법원 웹 포털을 통해서 재판일 전에 통역사를 신청할 수 있습니다(URL). 법원은 심리 날짜와 시간에 통역사를 찾기 위해 모든 노력을 기울일 것이나, 통역사를 즉시 제공한다는 것을 보장할 수 없습니다. 언어 접근 서비스에 대한 질문이 있으시면, 다음의 이메일 주소로 연락해 주십시오: LanguageAccess@LACourt.org.

### Aviso de disponibilidad del Portal web para jurisdicción limitada civil para solicitar intérpretes

La corte superior de Los Ángeles brinda servicios de intérprete sin cargo para audiencias de jurisdicción limitada civil a las partes que tienen conocimientos limitados de inglés. Se dispone de intérpretes de español en todos los juzgados. Por lo tanto, no es necesario pedir un intérprete de español por adelantado. Si necesita un intérprete de español, infórmele al personal de la sala del juzgado el día de su audiencia. Los individuos con conocimientos limitados de inglés que hablan un idioma que no sea el español pueden solicitar un intérprete antes de la audiencia en la corte por medio del Portal web de la corte para solicitar intérpretes [URL]. La corte hará el mayor esfuerzo posible para programar un intérprete para la fecha y hora de su audiencia; sin embargo, no la podemos garantizar de que haya uno disponible en forma inmediata. Si tiene preguntas generales sobre los servicios de acceso lingüístico, envíe un mensaje a LanguageAccess@LACourt.org.

### Thông Báo về Cổng Web Thẩm Quyền Hộ Sự Giới Hạn để Xin Cung Cấp Thông Dịch Viên

Tòa Thượng Thẩm Los Angeles cung cấp dịch vụ thông dịch viên miễn phí cho những bên kém có khả năng Anh Ngữ giới hạn trong những phiên tòa có thẩm quyền Hộ Sự Giới Hạn. Có sẵn thông dịch viên tiếng Tây Ban Nha tại tất cả các tòa. Do đó, không cần phải xin cung cấp thông dịch viên tiếng Tây Ban Nha trước. Nếu quý vị cần thông dịch viên tiếng Tây Ban Nha, xin cho nhân viên phòng xử biết về nhu cầu của quý vị vào ngày quý vị ra tòa. Người có khả năng Anh Ngữ giới hạn và nói một ngôn ngữ không phải tiếng Tây Ban Nha có thể xin cung cấp thông dịch viên trước ngày có phiên tòa của họ qua Cổng Web của Tòa cho Các Yêu Cầu Cung Cấp Thông Dịch Viên (URL). Tuy tòa sẽ nỗ lực để tìm một thông dịch viên cho ngày giờ phiên tòa của quý vị, tòa không thể bảo đảm sẽ có ngay. Nếu quý vị có thắc mắc tổng quát về các dịch vụ ngôn ngữ, xin liên lạc với chúng tôi tại LanguageAccess@LACourt.org.

August 5, 2015

2018-SJ-008-00

**CALENDARED**
11/30/20

**FILED**
Superior Court of California
County of Los Angeles

**APR 18 2018**

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Stephanie Chung

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| In re Civil Limited Jurisdiction Cases Calendared in Department 94 (Non-Collection Cases) | ) FIRST AMENDED STANDING ORDER ) (Effective as of April 23, 2018) ) ) ) |

**TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:**

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court ("C.R.C."), and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE JANUARY 12, 2018 STANDING ORDER, AND THE COURT HEREBY ISSUES THE FOLLOWING STANDING ORDER THAT SHALL APPLY TO ALL LIMITED CIVIL (NON COLLECTION) CASES FILED AND/OR HEARD IN DEPARTMENT 94.

1.     PLAINTIFF(S) IS/ARE <u>ORDERED TO SERVE A COPY OF THIS STANDING ORDER ON THE DEFENDANT(S) WITH COPIES OF THE SUMMONS AND COMPLAINT AND TO FILE PROOF OF SERVICE,</u> AS MANDATED IN THIS ORDER.

2.     The Court sets the following trial date in this case in Department 94 (7th Floor, Room 723) at the Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012:

TRIAL: Order to Show Cause Re: Failure to File Proof of Service: 11/29/2023
Non-Jury Trial:05/25/2022
Date:_____ at 8:30 a.m.

1

**FIRST AMENDED STANDING ORDER**
**CIVIL LIMITED JURISDICTION CASES CALENDARED IN DEPT. 94 (NON COLLECTION CASES)**

2018-SJ-008-00

**SERVICE OF SUMMONS AND COMPLAINT**

3.      The trial date set forth above is conditioned on the defendant(s) being served with the summons and complaint <u>within six (6) months of the filing of the complaint.</u>  The trial date may be continued to a later date if service is not accomplished within six months.  The parties may stipulate to keep the original trial date even if service of the summons and complaint is not completed within six months of the filing of the original complaint.

4.      The summons and complaint shall be served upon the defendant(s) within <u>three years</u> after the complaint is filed in this action.  (C.C.P., § 583.210, subd. (a).)  Failure to comply will result in dismissal, without prejudice, of the action, as to all unserved parties who have not been dismissed as of that date.  (C.C.P., § 581, subd. (g).)  The dismissal without prejudice as to the unserved parties for this case shall be effective on the following date:

**UNSERVED PARTIES DISMISSAL DATE**

_____

5.      No case management, mandatory settlement or final status conferences will be conducted in this case.

**LAW AND MOTION**

6.      All regularly noticed pretrial motions will be heard in Department 94 on Mondays, Tuesdays, Wednesdays, and Thursdays at 8:30 a.m.  A motion will be heard only if a party reserves a hearing date by going to the court's website at www.lacourt.org and reserving it through the Court Reservation System ("CRS") accessed via the "Divisions" tab at the top of the webpage, in the "Civil" Division section.  All motions should be filed at the filing window on the first floor of the Stanley Mosk Courthouse and filed and served in accordance with C.C.P., § 1005, subd. (b), and all other relevant statutes.

///

2018-SJ-008-00

1    7.    Tentative Rulings may be posted on the Court's internet site no later than the day prior

2  to the hearing.  To access tentative rulings, parties may go to www.lacourt.org, select "Civil"

3  Division from the Divisions" tab at the top of the webpage, then click on "Tentative Rulings," and

4  then type the case number in the box and click "Search."

5                                **EX PARTE APPLICATIONS**

6    8.    Ex parte applications must be noticed for 1:30 p.m. in Department 94 and filed and

7  served in accordance with C.R.C., Rules 3.1201-3.1207.  All ex parte application fees must be paid

8  by 1:00 p.m. at the filing window on the first floor of the Stanley Mosk Courthouse.

9                                        **JURY FEES**

10    9.    The fees for jury trial shall be due no later than 365 calendar days after the filing of

11  the initial complaint, or as otherwise provided by C.C.P., § 631, subds. (b) and (c).

12                            **STIPULATION TO CONTINUE TRIAL**

13    10.    A trial will be postponed if all attorneys of record and/or the parties who have

14  appeared in the action stipulate in writing to a specific continued date.  If the stipulation is filed less

15  than five (5) court days before the scheduled trial date, then a courtesy copy of the stipulation must be

16  filed in Department 94.  A proposed order shall be lodged along with the stipulation.  The Stipulation

17  and Order should be filed in Room 118 of the Stanley Mosk Courthouse with the required filing fees.

18                                          **TRIAL**

19    11.    Parties are to appear on the trial date ready to go to trial, and must meet and confer on

20  all pretrial matters at least 20 calendar days before the trial date.  On the date of trial, the parties shall

21  bring with them to Department 94 a three-ring binder with a table of contents containing conformed

22  copies of each of the following documents behind a separate tab.

23         1) Printed copies of the Current Operative Pleadings (including the operative

24            complaint; answer; cross-complaint, if any; and answer to cross-complaint);

25         2) Motions in Limine, if any, which must be served and filed in accordance with the

26            Local Rules, Rule 3.57;

27         3) Joint Statement of the Case (if a jury trial);

28  ///

2018-SJ-008-00

1       4) Joint Witness List disclosing an offer of proof regarding the testimony of each

2           witness, the time expected for testimony of each witness, the total time expected

3           for all witnesses, and the need, if any, for an interpreter;

4       5) Joint Exhibit List;

5       6) Printed and Edited Joint Proposed Jury Instructions (if a jury trial), and

6       7) Printed Joint Proposed Verdict Form(s) (if a jury trial).

7       The parties shall also bring a second binder containing the Joint Exhibits in an Exhibit Book

8 numbered appropriately.

9       **FAILURE TO PROVIDE ANY OF THE AFOREMENTIONED DOCUMENTS ON**

10 **THE TRIAL DATE MAY CAUSE A DELAY IN THE CASE BEING ASSIGNED TO A**

11 **TRIAL COURT.**

12       GOOD CAUSE APPEARING THEREFOR, IT IS ORDERED.

13

14

15 Dated: _April 18, 2018_

                               _Debre K Weintraub_

16                                DEBRE K. WEINTRAUB

17                                Supervising Judge, Civil

                                  Los Angeles Superior Court

18

19

20

21

22

23

24

25

26

27

28

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

PLAINTIFF(S):
Garnik Blkhoyan

DEFENDANT(S):
Dr. Ike's Pharmacy, business form unknown

**NOTICE OF CASE ASSIGNMENT – LIMITED CIVIL CASE**

**FILED**
Superior Court of California
County of Los Angeles

**11/25/2020**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ L. Castillejo _____ Deputy

CASE NUMBER:
20STLC09922

Case is assigned for all purposes to the judicial officer indicated below.  Notice given to Plaintiff / Cross-Complainant / Attorney of Record on _____11/25/2020_____ .

| | ASSIGNED JUDGE | DEPARTMENT | ROOM |
|---|---|---|---|
| | Serena R. Murillo | 26 | |

Sherri R. Carter, Executive Officer / Clerk of Court

By L. Castillejo _____ , Deputy Clerk

### Instructions for Handling Limited Civil Cases

The following critical provisions, as applicable in the Los Angeles Superior Court are cited for your information.
**PRIORITY OVER OTHER RULES:** The priority of Chapter Seven of the LASC Local Rules over other inconsistent Local Rules is set forth in Rule 7.2© thereof.
**CHALLENGE TO ASSIGNED JUDGE:** To the extent set forth therein, Government Code section 68616(i) and Local Rule 2.5 control the timing of Code of Civil Procedure section 170.6 challenges.
**TIME STANDARDS: The time standards may be extended by the court only upon a showing of good cause. (Cal. Rules of Court, rule 3.110.) Failure to meet time standards may result in the imposition of sanctions. (Local Rule 3.37.)**
Except for collections cases pursuant to California Rules of Court, rule 3.740, cases assigned to the Individual Calendar Court will be subject to processing under the following time standards:
**COMPLAINTS:** All complaints shall be served and the proof of service filed within 60 days after filing of the complaint.
**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints against parties new to the action must be served and the proof of service filed within 30 days after the filing of the cross-complaint.  A cross-complaint against a party who has already appeared in the action must be accompanied by proof of service of the cross-complaint at the time it is filed. (Code Civ. Proc., § 428.50.)
**DEFAULTS** (Local Rule 9.10): If a responsive pleading is not served within the time to respond and no extension of time has been granted, the plaintiff must file a Request for Entry of Default within 10 days after the time for service has elapsed.  Failure to timely file the Request for Entry of Default may result in an Order to Show Cause being issued as to why sanctions should not be imposed.  The plaintiff must request default judgment on the defaulting defendants within 40 days after entry of default.
**NOTICED MOTIONS:** All regularly noticed motions will be calendared through the assigned department.  Each motion date must be separately reserved and filed with appropriate fees for each motion.  Motions for Summary Judgment must be identified at the time of reservations.  All motions should be filed in the clerk's office.
**EX PARTE MATTERS:** All ex parte applications should be noticed for the courtroom.
**UNINSURED MOTORISTS CLAIMS:** Delay Reduction Rules do not apply to uninsured motorist claims.  The plaintiff must file a Notice of Designation with the Court identifying the case as an uninsured motorist claim under Insurance Code section 11580.2.

**NOTICE OF CASE ASSIGNMENT – LIMITED CIVIL CASE**

LACIV ____ 001 (Rev. [03/17)
LASC Approved 09-04

DAL-001

# STATE LAW REQUIRES THAT YOU GET THIS IMPORTANT
## ADVISORY INFORMATION FOR BUILDING OWNERS AND TENANTS

This information is available in English, Spanish, Chinese, Vietnamese, and Korean through the Judicial Council of California. People with visual impairments can get assistance in viewing this form through the judicial branch website, at *www.courts.ca.gov.*

California law requires that you receive this information because the demand letter or court complaint you received with this document claims that your building or property does not comply with one or more existing construction-related accessibility laws or regulations protecting the civil rights of people with disabilities to access public places.

**YOU HAVE IMPORTANT LEGAL OBLIGATIONS.** Compliance with disability access laws is a serious and significant responsibility that applies to all California building owners and tenants with buildings open for business to the public. You may obtain information about your legal obligations and how to comply with disability access laws through the Division of the State Architect, at *www.dgs.ca.gov/dsa.* Information is also available from the California Commission on Disability Access at *www.ccda.ca.guide.htm.*

**YOU HAVE IMPORTANT LEGAL RIGHTS.** The allegations made in the accompanying demand letter or court complaint do not mean that you are required to pay any money unless and until a court finds you liable. Moreover, RECEIPT OF A DEMAND LETTER OR COURT COMPLAINT AND THIS ADVISORY DOES NOT NECESSARILY MEAN YOU WILL BE FOUND LIABLE FOR ANYTHING. You will have the right if you are later sued to fully present an explanation of why you believe you have not in fact violated disability access laws or have corrected the violation or violations giving rise to the claim.

You have the right to seek assistance or advice about this demand letter or court complaint from any person of your choice. If you have insurance, you may also wish to contact your insurance provider. Your best interest may be served by seeking legal advice or representation from an attorney, but you may also represent yourself and file the necessary court papers to protect your interests if you are served with a court complaint. If you have hired an attorney to represent you, you should immediately notify your attorney.

f a court complaint has been served on you, you will get a separate advisory notice with the complaint advising ou of special options and procedures available to you under certain conditions.

DDITIONAL THINGS YOU SHOULD KNOW: ATTORNEY MISCONDUCT. Except for limited rcumstances, state law generally requires that a prelitigation demand letter from an attorney MAY NOT AKE A REQUEST OR DEMAND FOR MONEY OR AN OFFER OR AGREEMENT TO ACCEPT NEY. Moreover, a demand letter from an attorney MUST INCLUDE THE ATTORNEY'S STATE BAR ENSE NUMBER.

ou believe the attorney who provided you with this notice and prelitigation demand letter is not complying state law, you may send a copy of the demand letter you received from the attorney to the State Bar of fornia by facsimile transmission to 1-415-538-2171, or by mail to the State Bar of California, 180 Howard t, San Francisco, CA 94105, Attention: Professional Competence.

Page 1 of 2

ted for Mandatory Use
uncil of California
ev. July 1, 2016]

**IMPORTANT ADVISORY INFORMATION
FOR BUILDING OWNERS AND TENANTS**
(Disability Access Litigation)

Civil Code, § 55.3
www.courts.ca.gov

## STATE LAW REQUIRES THAT YOU GET THIS IMPORTANT
## ADVISORY INFORMATION FOR BUILDING OWNERS AND TENANTS

**REDUCING YOUR DAMAGES.** If you are a small business owner and correct all of the construction-related violations that are the basis of the complaint against you within 30 days of being served with the complaint, you may qualify for reduced damages. You may wish to consult an attorney to obtain legal advice. You may also wish to contact the California Commission on Disability Access for additional information about the rights and obligations of business owners.

**COMMERCIAL TENANT.** If you are a commercial tenant, you may not be responsible for ensuring that some or all portions of the premises you lease for your business, including common areas such as parking lots, are accessible to the public because those areas may be the responsibility of your landlord. You may want to refer to your lease agreement and consult with an attorney or contact your landlord, to determine if your landlord is responsible for maintaining and improving some or all of the areas you lease.